UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FABIANO HONDA AND FRANCINE HONDA,

    Plaintiff,

-v-

SETERUS, INC,

    Defendant.
_____/

**COMPLAINT**

**COME NOW,** the Plaintiffs, FABIANO HONDA AND FRANCINE HONDA (hereinafter "Plaintiffs") by and through their undersigned counsel, and bring this action against the Defendant, SETERUS, INC. ("Defendant"), and in support allege as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

2. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

3. Venue in this District is proper because the property (the "subject property") is located in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Additionally, Defendant has been making contacts with the Plaintiffs in this District.

## PARTIES

4. At all times material hereto, Plaintiffs owned and continue to own the subject property, which is located in Palm Beach County, Florida with an address of 2700 Fiore Way Apt 114, Delray Beach, FL 33445.

5. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

6. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

7. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number ***3840.

8. This action raises a federal question for a violation of the Fair Debt Collection Practices Act ("FDCPA") found at 15 USC 1692(e)(14).

9. Personal jurisdiction is proper pursuant to the Florida Long-Arm Jurisdiction Statute through the causation of injury in this state caused by acts or omissions outside the state.

10. Venue is proper in this court because Plaintiff, is and was a resident of Palm Beach County, Florida, and the actions that are the subject of this action accrued in Palm Beach County, Florida.

11. At all times material hereto, Defendant, was and is a Foreign Profit Corporation incorporated under the laws of the State of Delaware and transacting business in the State of Florida, listing its registered agent as CT Corporation System at 1200 S. Pine Island Road, Plantation, FL 33324.

12. At all times material hereto, the Plaintiffs each was and is a "person" as said term is defined under Florida Statute §1.01(3).

13. At all times relevant to this Complaint, each Plaintiff was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Florida Statutes § 559.55(8), and/or a person with standing to bring a claim under the FCCPA and FDCPA by virtue of being directly affected by violations of the Act.

14. At all times relevant to this Complaint, Defendant regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(7).

15. At all times material hereto, the mortgage debt in question was a "debt" as said term is defined under Florida Statute §559.55(1).

16. At all times material hereto, the communications alleged herein were "communications" as said term is defined under Florida Statute §559.55(5).

17. Defendant regularly uses the mail and telephone in a business where the principal purpose of which is the collection of debts.

## BACKGROUND AND GENERAL ALLEGATIONS

18. Plaintiffs retained Loan Lawyers, LLC, for representation with regard to a disputed debt arising from a mortgage for which the Defendant has provided servicing.

19. Defendant has alleged to have been a servicer on a debt alleged by Defendant to be owed by Plaintiffs and in connection to the Plaintiffs' home.

20. Defendant was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

21. The debt that Defendant sought to collect from Plaintiffs is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

22. All of Defendant's actions in regard to the disputed debt have been for the purpose of collecting the disputed debt.

23. On or about November 9, 2017 Plaintiff sent Defendant correspondence concerning Plaintiffs' loan. A true and correct copy of the correspondence sent is hereto attached and incorporated as **Exhibit "A"** to the Complaint.

24. The above correspondence indicated that Plaintiffs were represented by Loan Lawyers, LLC, regarding all aspects of the subject mortgage debt. Defendant was informed that all communications regarding the subject mortgage debt were to be directed to Plaintiff's counsel. The letter provided the mailing address and phone number for Loan Lawyers, LLC. *See Exhibit "A"*

25. The above correspondence additionally explained that Plaintiffs were offered a permanent loan modification agreement with Bank of America. That Plaintiffs executed the modification agreement, made payments and began receiving statements. Defendant thereafter began servicing the loan in 2011 but that nevertheless, as of March 2017, Defendant stopped providing the Plaintiffs monthly mortgage statements. **See Exhibit "A"**

26. The above correspondence expressed that by virtue of the Defendant's failure to provide the requisite periodic statements for the residential mortgage loan, Plaintiffs were left to wonder even basic information like what their account number is, when the next payment is due, the amount of the Plaintiff's next payment and how their payments were and are being applied, as well as any fees that Defendant may be charging on the loan and other charges imposed since the previous billing cycle. **See Exhibit "A"**.

27. The correspondence to Defendant also included Plaintiffs' Request for Information ("RFI") requesting the following: an accurate pay off statement; an accurate reinstatement statement; information concerning the owner of the loan; information concerning the date of default of the loan; the date when Defendant (Seterus) started servicing the loan; legal fees and costs imposed to the Plaintiffs' mortgage loan account; broker price options; active forced-place insurance; loan and payment history; all statements since March 2017; and the fully executed loan modification agreement and information as to why Plaintiffs' payments were rejected and not accepted by Defendant. **See Exhibit "A"**

28. A Lender Authorization form was also included in the correspondence. **See Exhibit "A".**

29. On January 22, 2018, Defendant responded stating that there was another attorney involved representing Plaintiffs and thus they could not respond to Loan Lawyers regarding the Plaintiffs' account and provide related information. A true and correct copy of this correspondence is hereto attached and incorporated as **Exhibit "B".**

30. Additional correspondence was sent by Loan Lawyers on behalf of Plaintiffs to Defendant on January 30, 2018 to let Defendant know it had mailed out a Lender Authorization Form with the Request for Information. The Plaintiffs were also advised to call Defendant and tell them to update the attorney information on Defendants' file. A true and correct copy of this correspondence is hereto attached and incorporated as **Exhibit "C".**

31. Defendant continued to send payoff and reinstatement quotes but did not provide a comprehensive response until March 22, 2018. In this response, Defendant stated that they provided statements for March and April, 2018 but stated that **"Due to the low interest bearing**

**principal balance, the generation of monthly Account Statements was discontinued after April 2017, for this reason listed above, we decline to generate monthly Account Statements."**

32. Defendants conduct, through its agents, representatives and/or employees acting within the scope of their authority, have violated the FDCPA in that Defendant has made a false representation to the Plaintiffs as to the character, amount, or legal status of a debt in contravention of 15 U.S.C. §1692e(2)(a).

33. As described above, Defendant's failure to provide the requisite periodic statements for the Plaintiffs' residential mortgage loan, Plaintiffs were left to wonder even basic information like what their account number is, when the next payment is due, the amount of the Plaintiff's next payment and how their payments were and are being applied, as well as any fees that Defendant may be charging on the loan and other charges imposed since the previous billing cycle.

34. Furthermore and upon information and belief, Defendant has communicated with the Plaintiffs for the purpose of demanding that they pay the loan in full.

35. As a result of the foregoing conduct of Defendant, Plaintiffs have retained legal counsel and have agreed to pay them a reasonable fee.  Plaintiffs' seek reimbursement of all attorneys' fees and costs from the Defendant as permitted under existing applicable law.

## COUNT I-VIOLATION OF FDCPA: 15 U.S.C. §1692e

36. Plaintiffs repeat, re-allege and incorporates by reference paragraphs 1 through 35.

37. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, have violated the FDCPA in that Defendant made a false representation

as to the character, amount, or legal status of a debt in contravention of 15 U.S.C. §1692e(2)(a), which states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of --
> (A) the character, amount, or legal status of any debt

15 U.S.C. §1692e(2)(a).

38. Additionally, Defendant through its agents, representatives and/or employees acting within the scope of their authority, has violated FDCPA in that Defendant has used false or deceptive means in an attempt to collect a debt in contravention of 15 U.S.C. §1692e(10), which states in part that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (10)The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10).

39. Defendant violated 15 U.S.C. §1692e(2)(a) and in that it failed to provide the requisite periodic statements for the Plaintiffs' residential mortgage loan. In doing so, Plaintiffs were left to wonder even basic information like what their account number is, when the next payment is due, the amount of the Plaintiff's next payment and how their payments were and are being applied, as well as any fees that Defendant may be charging on the loan and other charges imposed since the previous billing cycle.

40. Additionally and upon information and belief, Defendant communicated with the Plaintiffs for the purpose of demanding that they pay the loan in full.

41. Furthermore, Defendant violated 1692e(10) on the above dates in that Defendant used false representations and deceptive means in an attempt to recover upon an alleged debt.

42. As described above in detail, on or about November 9, 2017 Plaintiff sent Defendant correspondence concerning Plaintiffs' loan. A true and correct copy of the correspondence sent is hereto attached and incorporated as **Exhibit "A"** to the Complaint.

43. The above correspondence indicated that Plaintiffs were represented by Loan Lawyers, LLC, regarding all aspects of the subject mortgage debt. Defendant was informed that all communications regarding the subject mortgage debt were to be directed to Plaintiff's counsel. The letter provided the mailing address and phone number for Loan Lawyers, LLC. *See Exhibit "A"*

44. The above correspondence additionally explained that Plaintiffs were offered a permanent loan modification agreement with Bank of America. That Plaintiffs executed the modification agreement, made payments and began receiving statements. Defendant thereafter began servicing the loan in 2011 but that nevertheless, as of March 2017, Defendant stopped providing the Plaintiffs monthly mortgage statements. **See Exhibit "A"**

45. The above correspondence expressed that by virtue of the Defendant's failure to provide the requisite periodic statements for the residential mortgage loan, Plaintiffs were left to wonder even basic information like what their account number is, when the next payment is due, the amount of the Plaintiff's next payment and how their payments were and are being applied,

as well as any fees that Defendant may be charging on the loan and other charges imposed since the previous billing cycle. **See Exhibit "A"**.

46. The correspondence to Defendant also included Plaintiffs' Request for Information ("RFI") requesting the following: an accurate pay off statement; an accurate reinstatement statement; information concerning the owner of the loan; information concerning the date of default of the loan; the date when Defendant (Seterus) started servicing the loan; legal fees and costs imposed to the Plaintiffs' mortgage loan account; broker price options; active forced-place insurance; loan and payment history; all statements since March 2017; and the fully executed loan modification agreement and information as to why Plaintiffs' payments were rejected and not accepted by Defendant. **See Exhibit "A"**

47. A Lender Authorization form was also included in the correspondence. **See Exhibit "A"**.

48. On January 22, 2018, Defendant responded stating that there was another attorney involved representing Plaintiffs and thus they could not respond to Loan Lawyers regarding the Plaintiffs' account and provide related information. A true and correct copy of this correspondence is hereto attached and incorporated as **Exhibit "B"**.

49. Additional correspondence was sent by Loan Lawyers on behalf of Plaintiffs to Defendant on January 30, 2018 to let Defendant know it had mailed out a Lender Authorization Form with the Request for Information. The Plaintiffs were also advised to call Defendant and tell them to update the attorney information on Defendants' file. A true and correct copy of this correspondence is hereto attached and incorporated as **Exhibit "C"**.

50. Defendant continued to send payoff and reinstatement quotes but did not provide a comprehensive response until March 22, 2018. In this response, Defendant stated that they

provided statements for March and April, 2018 but stated that **"Due to the low interest bearing principal balance, the generation of monthly Account Statements was discontinued after April 2017, for this reason listed above, we decline to generate monthly Account Statements."**

51. Defendants conduct, through its agents, representatives and/or employees acting within the scope of their authority, have violated the FDCPA in that Defendant has made a false representation to the Plaintiffs as to the character, amount, or legal status of a debt in contravention of 15 U.S.C. §1692e(2)(a).

52. Each of the false representations and deceptive means used or made by Defendant in this matter were intentional, yet even if they were accidental, Plaintiff is not required to prove that Defendant's conduct was intentional as the FDCPA is a strict liability statute. See also *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190.

53. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(2)(a) and 15 U.S.C. §1692e(10).

54. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiffs were damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

55. Plaintiffs have hired Loan Lawyers, LLC, to represent them in this action and has agreed to pay a reasonable attorney's fee.

56. Pursuant to 15 U.S.C. §1692k, Plaintiffs are entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against Defendant, SETEREUS, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, FABIANO HONDA AND FRANCINE HONDA, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiffs' RFI with detail and specificity;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to to the above cited authority and

(c) Such other relief to which this Honorable Court may deem just and proper.

/s/  Luis Ugaz
Florida Bar No. 786721
E-mail: luis@fight13.com
Secondary E-mail: tony@fight13.com
Laura Hoy, Esq.
Email: laura@fight13.com
Loan Lawyers, LLC
2150 S. Andrews Ave, 2nd Floor
Ft. Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
Counsel for Plaintiff